# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>LUIS AVILA,<br><br>            Defendant. | 2:12-CR-82 JCM (VCF) |

**ORDER**

Presently before the court is defendant Luis Avila's motion for district judge to reconsider Magistrate Judge Cam Ferenbach's detention order. (Doc. #110). The government has not yet filed a response.

Citing *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990), Mr. Avila requests that this court engage in de novo review of the magistrate judge's findings of fact and conclusions of law. This court agrees that a de novo standard of review is the appropriate standard to employ.

The Ninth Circuit's decision in *Koenig*, however, did not only clarify the proper standard of review pursuant to 18 U.S.C. 3145(b). The court also took the occasion to explain what de novo review consisted of in the context of amending a magistrate judge's detention order. The court explained:

> It may be too late to restore the original precision to the term "de novo," but we can at least state what we conceive it to mean in the context of a district court's review of a magistrate's detention order. Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly

**James C. Mahan**
**U.S. District Judge**

erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference.

*Id.* at 1192-93.

Here, Mr. Avila makes additional arguments based on new evidence that was not presented to the magistrate at the initial detention proceeding. Accordingly, while this court may hold an evidentiary hearing to determine the propriety of amending the magistrate judge's order, the more proper route is to interpret the motion as a motion to reopen the detention proceedings so that the defendant may submit his new evidence and argument to the magistrate. *See* 18 U.S.C. § 3142(f) ("The hearing may be reopened, before of after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

Mr. Avila's motion states that this father is willing to post a $100,000 bond to ensure Mr. Avila's presence, that his mother is willing to serve as a third party custodian, and that Mr. Avila is willing to pay the full costs of GPS-monitoring during the pendency of his pretrial release. While the magistrate judge based his ruling, primarily, on the nature and extent of the instant charges as well as Mr. Avila's well-documented and serious criminal history, it is not clear whether this new information may have impacted the magistrate's decision. Accordingly, the court finds it appropriate to refer the matter to the magistrate to reopen the detention proceedings in light of the new evidence.

IT IS SO ORDERED.

DATED May 17, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**